JS 44 (Rev 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Surtek, Inc

**DEFENDANTS**
Mojdeh Delshad; Matthew Balhoff; The University of Texas at Austin; Christina Melton Crain; Jodie Lee Jiles; Kelcy L. Warren; Kevin P. Eltife; Nolan Perez; Stuart W. Stedman; Janiece Longoria; James C. "Rad" Weaver; and Robert P. Gauntt in their Official Capacity as Members of the Board of Regents of The University of Texas System

**(b)** County of Residence of First Listed Plaintiff: Douglas County, CO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Travis County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benjamin D. Evans and Ashley N. Morgan; Cain & Skarnulis, PLLC; 303 Colorado Street, Suite 2850, Austin, Texas 78701; 512-477-5000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [x] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C.A. §1836(b)(1)

Brief description of cause:
Violations of Federal Defend Trade Secrets Act (DTSA), Violations of Texas Uniform Trade Secrets ACT (TUTSA)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P

**DEMAND $** Over $75,000.00

CHECK YES only if demanded in complaint
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 02-27-2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SURTEK, INC., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 1:25-cv-00296 |
| MOJDEH DELSHAD; MATTHEW BALHOFF; THE UNIVERSITY OF TEXAS AT AUSTIN; AND CHRISTINA MELTON CRAIN, JODIE LEE JILES, KELCY L. WARREN, KEVIN P. ELTIFE, NOLAN PEREZ, STUART W. STEDMAN, JANIECE LONGORIA, JAMES C. "RAD" WEAVER, AND ROBERT P. GAUNTT, IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## **PLAINTIFF SURTEK, INC.'S ORIGINAL COMPLAINT**

Plaintiff, Surtek, Inc. (Surtek), through its undersigned counsel, hereby issues its Complaint against Defendants, Mojdeh Delshad (Dr. Delshad), Matthew Balhoff (Dr. Balhoff), the University of Texas at Austin (UT Austin), and the following individuals in their official capacity as members of the Board of Regents of the University of Texas System (UT System Board of Regents): Christina Melton Crain, Jodie Lee Jiles, Kelcy L. Warren, Kevin P. Eltife, Nolan Perez, Stuart W. Stedman, Janiece Longoria, James C.

"Rad" Weaver, and Robert P. Gauntt. Surtek would respectfully show the following in support.

## I.   PARTIES

1. Plaintiff Surtek is a corporation organized under the laws of the State of Colorado, and its principal place of business is 10940 S. Parker Road, Suite 833, Parker, Colorado 80134.

2. Dr. Delshad is an individual and a citizen of the State of Texas. She may be served with process at 2711 Mountain Laurel Ln, Austin, Texas 78703, or wherever she may be found.

3. Dr. Balhoff is an individual and a citizen of the State of Texas. He may be served with process at 12501 Calistoga Way, Austin, Texas 78732, or wherever he may be found.

4. UT Austin is a public educational institution authorized by Article 7, Section 10 of the Texas Constitution and funded by the State of Texas. UT Austin is under the management and control of the UT System Board of Regents. UT Austin's principal office is located in Austin, Texas. Defendant UT Austin may be served with citation by serving its President, Jay Hartzell, at Main Building, 110 Inner Campus Dr., Austin, Texas 78712, or wherever he may be found.

5. Christina Melton Crain, Jodie Lee Jiles, Kelcy L. Warren, Kevin P. Eltife, Nolan Perez, M.D., Stuart W. Stedman, Janiece Longoria, James C. "Rad" Weaver, and Robert P. Gauntt, are the nine members of the UT System Board of Regents, the governing body of the University of Texas System. The UT System Board of Regents is

responsible for the central management and coordination of the University of Texas System's component institutions. The UT System Board of Regents members are all named Defendants in their official capacities only. The UT System Board of Regents may be served with citation at the Office of the Board of Regents, 210 West 7th St., Austin, Texas 78701.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States – specifically, the federal Defend Trade Secrets Act in 18 U.S.C.A. § 1836(c) and the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

8. All conditions precedent to the filing of this lawsuit have occurred or have been waived.

## III. FACTUAL ALLEGATIONS

### A. Surtek's Business & Pitts' Employment.

9. Surtek is a boutique enhanced oil recovery (EOR) engineering and lab service provider located in Parker, Colorado. Surtek provides its clients with services, including reservoir screening, chemical EOR formulation design (fluid-fluid studies such as preparation rheology and fluid rock studies), oil recovery, coreflooding,

retention measurements, minimum miscible pressure determination, numerical simulation, and consulting.

10. Dr. Malcom J. Pitts (Dr. Pitts) was employed by Surtek from 1980 to 2022. Dr. Pitts served as the President of Surtek between 2016 and 2019, during which time he owned 51% of Surtek's stock.

11. During the course of his employment, Surtek entrusted Dr. Pitts with access to the company's confidential and proprietary information and trade secrets, including information pertaining to Surtek's operations, customer and candidate relationships, proposals, pricing strategy, and other information relating to Surtek's competitive advantages in the oil and gas market.

12. All Surtek employees are required to sign a non-disclosure agreement (NDA), which was created by Dr. Pitts and remains in use by Surtek. The NDA stipulates that the employee agrees not to "use for others, or myself or disclose or divulge to others including future employees, any trade secrets, confidential information, or any other proprietary data of the Company in violation of this Agreement" both "during" and "at any time after the termination of my employment with the Company." The NDA defines Surtek's trade secrets as including technical information, such as "methods, processes formulae, compositions, systems, techniques, inventions, machines, computer programs and research projects," as well as business information, such as "customer lists, pricing data, sources of supply, financial data and marketing, production, or merchandising systems or plans." Furthermore, the NDA stipulates that, upon termination of employment from Surtek, the employee "shall

return to the Company all documents and property of the Company" and agrees not to retain "copies, notes or abstracts" relating to any company documents or property.

13. Dr. Pitts signed the NDA, and as he created it for Surtek, he possessed actual knowledge of his duty of non-disclosure.

14. From 2015 to 2020, Surtek held contracts with Kuwait Oil Company (KOC). During this time, Surtek's primary contact at KOC was Mohammed Al-Murayri (Dr. Al-Murayri), an adjunct professor at UT Austin. Drs. Pitts and Al-Murayri maintained a close business relationship while Surtek contracted with KOC.

**B. University of Texas Is a Competitor of Surtek**

15. UT Austin became a competitor of Surtek around 2006, when UT Austin started its Joint Industry Project (JIP). In a webinar posted by the UT Austin CPGE and featuring Dr. Delshad and Dr. Balhoff, UT Austin CPGE boasted the following Chemical EOR Project Sponsors, including KOC and other foreign oil companies:[1]



---

[1] "Nov 2015: Chemical EOR: What's New, What Works, Where to Use It." https://youtu.be/B3aCNPqnZIw?si=9wVBtDQoICU6F6YD.

16. While several of these member companies have ceased partnering with UT Austin, UT Austin continues to partner with foreign oil companies, such as Cairn India/Vedanta Limited, China National Offshore Oil Corporation (CNOOC), and Sinopec.[2]

17. In 2013, Dr. Gary Pope and Dr. Upali P. Weerasooriya launched Ultimate EOR to commercialize chemical EOR technology developed at the University of Texas at Austin. Ultimate EOR provides EOR services, including laboratory studies, reservoir engineering and modeling studies, chemical design, chemical quality control, chemical procurement, and field technical support. Since its inception, Ultimate EOR has expanded its business to include North America, the Middle East, Europe, Asia, Africa, and South America.

18. On its website, Ultimate EOR identifies UT Austin as one of its Partners[3] and UT Austin lists Ultimate EOR as one of its "Member Companies" for its Chemical Enhanced Oil Recovery Research Project. Ultimate EOR's "Global Client Pool" now includes Surtek's former long-time client, KOC.[4]

**C. Defendants "Launder" Surtek's Trade Secrets Through UT Austin**

19. Without authorization from Surtek, Dr. Pitts acquired and transmitted significant amounts of Surtek's proprietary data and processes to Al-Murayri, Mohammad Abdullah (Abdullah), and Dr. Delshad.

20. When the transmittals were made, Abdullah was a Ph.D. candidate at UT Austin and a post-graduate scholar at Kuwait University. He has since graduated from

---

[2] https://csee.engr.utexas.edu/research/industrial-affiliate-programs/chemical-enhanced-oil-recovery.
[3] "Our Clients & Partners." https://www.ueors.com/clients-partners.
[4] "Our Clients & Partners." https://www.ueors.com/clients-partners.

- 6 -

UT Austin and works as an assistant Professor at Kuwait University in Kuwait City, Kuwait. Kuwait University is the only public university in Kuwait, and the Kuwaiti government funds it. Significantly, Kuwait University's EOR Center is one of Surtek's direct competitors. On information and belief, Abdullah utilized Surtek's trade secrets to initiate or otherwise improve Kuwait University's EOR Center

21. Dr. Delshad is a research Professor in the Department of Petroleum and Geosystems Engineering at UT Austin.[5] Importantly, Dr. Delshad is also a founder and the initial president of Ultimate EOR Services, LLC, a direct competitor of Surtek. Dr. Delshad served as the Vice President (2013-2014) and President/Chief Executive Officer (2015-2019) of Ultimate EOR.

22. Dr. Balhoff is the Department Chair and a Professor in UT Austin's Department of Petroleum and Geosystems Engineering (UT PGE).[6] Dr. Balhoff is also the Director of UT Austin's Center for Subsurface Energy and the Environment (UT CSEE). [7]

23. On information and belief, Defendants conspired to "launder" Surtek's trade secrets by improperly disseminating them through UT Austin to hide the misappropriation from discovery and shield themselves under the cloak of sovereign immunity. Once scrubbed through the educational institution, Defendants could benefit from using Surtek's trade secrets in both academic and commercial endeavors, including interstate and foreign commerce, and try to avail themselves of the shield of sovereign immunity.

---

[5] https://www.pge.utexas.edu/faculty-and-staff/mojdeh-delshad/
[6] https://www.pge.utexas.edu/faculty-and-staff/matthew-balhoff/.
[7] https://www.pge.utexas.edu/pge-news/balhoff-named-next-pge-chair/.

24. On January 22, 2021, Mr. Abdullah emailed Dr. Pitts and carbon copied Dr. Al-Murayri and Dr. Delshad, requesting Surtek and KOC polymer data developed within a confidential business relationship. Dr. Pitts sent information not only developed by Surtek solely for KOC but also raw data, formulae, processes, and other information to which KOC was not entitled. That information was proprietary and solely owned by Surtek.

25. On February 4, 2021, Dr. Pitts emailed Mr. Abdullah, as well as carbon copied to Dr. Al-Murayri and Dr. Delshad, transmitting four (4) files of Surtek's procedural and evaluative data reports created for SALB, RAMA, SAUB, and Minagish oil field projects.

26. On March 2, 2021, Dr. Pitts emailed Mr. Abdullah, as well as carbon copied to Dr. Al-Murayri and Dr. Delshad, transmitting ninety-eight (98) files pertaining to Surtek's Minagish oil field operations containing no fewer than twenty-five (25) of Surtek's trade secrets.

27. On March 3, 2021, Dr. Pitts emailed Mr. Abdullah, as well as carbon copied to Dr. Al-Murayri and Dr. Delshad, transmitting three hundred fifty-four (354) files pertaining to Surtek's Raudhatain oil field operations containing no fewer than thirty-eight (38) of Surtek's trade secrets.

28. On March 4, 2021, Dr. Pitts emailed Mr. Abdullah, as well as carbon copied to Dr. Al-Murayri and Dr. Delshad, transmitting one-hundred and forty-three (143) files pertaining to Surtek's Sabriyah oil field operations and SAUB operations containing no fewer than eighty-five (85) of Surtek's trade secrets.

29. On June 23, 2021, Dr. Pitts emailed Mr. Abdullah, as well as carbon copied to Dr. Al-Murayri and Dr. Delshad, transferring five (5) files pertaining to Surtek's SAUB operations containing at least one (1) of Surtek's trade secrets.

30. Mr. Abdullah and Dr. Delshad collected the Surtek data for use in their research despite knowing Dr. Pitts was not authorized to send the materials as they were outside Surtek.

31. After Dr. Pitts transferred the Surtek data, Defendants Dr. Delshad and Dr. Balhoff co-authored a paper with Mr. Abdullah and Dr. Al-Murayi titled "Physics-Based and Data-Driven Polymer Rheology Model." This report was published by the Society of Petroleum Engineers in 2023. The paper does not mention Surtek in its references or otherwise acknowledge Surtek. Instead, the data misappropriated from Surtek is referred to as being obtained from "commercial laboratories."

32. As they explain in the paper, Dr. Delshad, Dr. Balhoff, and the other authors built an artificial intelligence (AI) or machine learning (ML) model: "This study benchmarks the existing polymer empirical and machine learning (ML) models against a new data-driven model with some physics basis for common synthetic polymers."[8]

33. Defendants Dr. Delshad and Dr. Balhoff fed Surtek's data into that AI model: "…the data considered to train the empirical models are only from Al-Hamairi and AlAmeri (2020) and commercial laboratories."[9]

34. Since 2016, Surtek has actively developed its capabilities in predictive analytics, making significant investments in: (1) personnel and partnerships to enhance

---

[8] M.B. Abdullah, M. Delshad, K. Sepehrnoori, M.T. Balhoff, J.T. Foster, and M.T. Al-Murayri, *Physics-Based and Data-Driven Polymer Rheology Model*, 28 SPE J. 1857, 1857 (2023).
[9] *Id.* at 1863.

- 9 -

it's technological infrastructure; (2) education and training, including digitization and cleaning of its proprietary datasets; and (3) marketing and outreach, notably through teaching college and industry courses on petroleum data analytics. Dr. Pitts, Dr. Delshad, Dr. Al-Murayri, and other individuals with UT were aware of these efforts and, more importantly, the value of Surtek's proprietary data and trade secrets. By wrongfully appropriating this data and integrating it into UT Austin's AI models, the competitive advantage and intrinsic value of Surtek's proprietary data have been unlawfully compromised.

35. Surtek did not discover that its trade secrets had been sent *en mass* until May of 2023 when its Present and CEO, Elio Dean, reviewed Dr. Pitts's emails and found the above-referenced emails.

**D.    Surtek's Attempts to Claw Back Its Trade Secrets from Defendants**

36. After discovering Dr. Pitts's actions, on August 1, 2023, Surtek filed suit against Dr. Pitts in Denver County, Colorado, in Denver District Court No. 2023 CV 32241, asserting various theories of recovery for damages and injunctive relief against Dr. Pitts for his tortious actions and other breaches of contract against Surtek.

37. Following a six (6) day bench trial, the Denver District Court entered a final judgment finding Dr. Pitts had violated the Colorado Trade Secrets Act and breached his fiduciary duties to Surtek by sending the data to Mr. Abdullah and Dr. Delshad.

38. In particular, the Denver Court ruled that it "did not receive credible evidence from Dr. Pitts to contest Surtek's position that the materials sent to the University of Texas are anything other than trade secrets."

39. During the litigation against Dr. Pitts, it was discovered that Dr. Al-Murayri had been improperly disseminating Surtek's and KOC's trade secrets, along with confidential information from several other entities, including: (1) Shell Kuwait Exploration and Production; (2) BP Exploration Company; (3) Kemira Group; (4) Schlumberger Well Services Kuwait; (5) Ultimate EOR; (6) Baker Hughes; (7) Saudi Arabian Chevron; and (8) Kuwait Gulf Oil Company. On information and belief, Dr. Al-Murayri was misappropriating trade secrets from Surtek and other companies with Dr. Delshad, engaging in conduct similar to that he perpetrated in the Dr. Pitts matter.

40. Surtek has made numerous demands on UT Austin to return and discard the trade secrets received from Dr. Pitts.

41. In April 2024, Surtek sent UT Austin a request for information to determine what, if anything, was done with its trade secrets sent to Dr. Delshad and Mr. Abdullah so it could request that such trade secrets be removed from any public databases.

42. The Office of the Vice Present for Legal Affairs of UT responded to Surtek's request by directing it to make a public records request and refusing to discuss the matter further outside of a public records request.

43. Surtek made a public records request for information related to its trade secrets that Dr. Pitts sent to Dr. Delshad and Mr. Abdullah. Despite the passage of more

than six (6) months and follow-up by Surtek, UT Austin has not yet provided any such public records. Upon information and belief, UT Austin is withholding such records in part to attempt to hide liability for misuse of Surtek's trade secrets.

44. Although Dr. Pitts was ordered to provide some compensation to Surtek for the disbursement of Surtek's library of trade secrets as part of the Colorado lawsuit, Surtek has not been made whole for the use of its trade secrets by unauthorized parties.

45. UT Austin has actively prevented Surtek from discovering the full extent of its damages. UT Austin refuses to disclose to Surtek what UT Austin, the UT System Board of Regents, Mr. Abdullah, and Dr. Delshad have done with Surtek's trade secrets.

46. On information and belief, Dr. Delshad, Dr. Balhoff, and UT Austin took Surtek's trade secret materials, which they received through unauthorized disclosure by Dr. Pitts, and then uploaded those trade secrets into ML/AI models created and maintained by UT Austin. In essence, Defendants have built their ML/AI models by feeding those models Surtek's trade secrets. Once the trade secrets were uploaded to the ML/AI models, UT Austin gave access to those models to paying licensees for use in commercial enhanced oil recovery projects.

47. On information and belief, UT Austin, UT System Board of Regents, and Dr. Delshad have continued to violate Surtek's trade secret privileges by making Surtek's trade secrets available to other unauthorized third parties.

48. On information and belief, UT Austin, UT System Board of Regents, and Dr. Delshad have benefited financially from the misappropriation of Surtek's trade secrets.

49. On information and belief, the trade secrets appropriated by Defendants are now being utilized in interstate and foreign commerce by Surtek's competitors.

50. Surtek reserves the right to amend its pleadings once it is able to obtain further discovery of the use of its trade secrets, if any, made by UT Austin, the UT System Board of Regents, Dr. Delshad, Dr. Balhoff, or others who obtained its trade secrets as a result of their actions.

## IV.   CAUSES OF ACTION

### Violations of the Federal Defend Trade Secrets Act (DTSA)

51. Plaintiff incorporates the foregoing paragraphs by reference as though fully stated herein.

52. The Defend Trade Secrets Act of 2016 (DTSA) provides a civil cause of action for an owner of a trade secret that is misappropriated if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce. 18 U.S.C.A. §1836(b)(1).

53. The trade secrets at issue are owned by Surtek and are intended for use in interstate or foreign commerce. Surtek took reasonable measures to keep the information secret. The information at issue derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means, by another person who can obtain value from the disclosure or use of that information.

54. Defendants engaged in the "misappropriation" of Surtek's trade secrets as that term is defined in the DTSA. 18 U.S.C.A. §1839(5). Dr. Pitts had actual knowledge

that he was prohibited from disclosing Surtek's trade secrets by virtue of the NDA he drafted and signed. Still, he disseminated Surtek's trade secrets in flagrant disregard of the NDA and his fiduciary duties to Surtek. On information and belief, Defendants knew or had reason to know that the trade secrets were acquired by improper means.

55. Surtek requests the Court grant an injunction to prevent any further misappropriation of Surtek's trade secrets pursuant to U.S.C.A. §1836(b)(3)(A), including, as necessary, requiring affirmative actions be taken to protect Surtek's trade secrets.

56. Surtek has sustained damages for actual loss caused by the misappropriation of its trade secrets. It has undermined Surtek's competitive advantage in the industry and caused Surtek to lose clients, resulting in the loss of profits. On information and belief, Defendants have been unjustly enriched by the misappropriation of Surtek's trade secrets. Surtek requests that Defendants be disgorged of the profits they have earned by virtue of their misappropriation of Surtek's trade secrets. As permitted by statute, in lieu of the foregoing monetary damages, Surtek further pleads for the imposition of liability for a reasonable royalty for the Defendants' unauthorized disclosure and/or use of the trade secret pursuant to 18 U.S.C.A. §1836(b)(3)(B)(ii).

57. On information and belief, Defendants engaged in the willful and malicious misappropriation of Surtek's trade secrets. Accordingly, pursuant to 18 U.S.C.A. §1836(b)(3)(C) and (D), Surtek is entitled to an award of exemplary damages in an amount not more than two (2) times the amount of the damages awarded for actual

losses, unjust enrichment, or the imposition of liability for a reasonable royalty plus an award of reasonable attorney's fees in the event Surtek prevails in this action.

## **Violations Of Texas Uniform Trade Secrets Act (TUTSA)**

58. Plaintiff incorporates paragraphs 1 through 50 by reference as though fully stated herein.

59. Plaintiff maintains that the information and documents at issue are trade secrets owned by Surtek, including customer data, scientific and technical information, and procedural reports.

60. Defendants knew or had reason to know that Dr. Pitts acquired the trade secrets by improper means or that Dr. Pitts had a duty to maintain the secrecy of the trade secrets, in violation of Texas's Uniform Trade Secrets Act, which Surtek maintained as confidential. Defendants received Plaintiff's confidential business information when Dr. Pitts provided Mr. Abdullah and Dr. Delshad with proprietary data, processes, and other trade secrets on matters related to enhanced-oil recovery. Defendants have refused to return such trade secrets.

61. Plaintiff seeks the actual losses caused by Defendants' misappropriation along with disgorgement of the unjust enrichment to Defendants. Strictly in the alternative, Plaintiff requests the imposition of liability for a reasonable royalty for Defendants unauthorized disclosure or use of Surtek's trade secrets.

62. On information and belief, Defendants engaged in the willful and malicious misappropriation of Surtek's trade secrets. Accordingly, Surtek requests the

imposition of exemplary damages in an amount not exceeding twice any award of damages for actual losses and unjust enrichment.

63. Further, Plaintiff seeks, and is entitled to, injunctive relief against all Defendants restraining them from further use of Plaintiff's trade secrets and returning or destroying all copies of materials containing Plaintiff's trade secrets.

## Unconstitutional Taking of Property

64. Plaintiff incorporates paragraphs 1 through 50 by reference as though fully stated herein.

65. The Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use without just compensation. U.S. Const. amend. V.

66. The Texas Constitution provides broader protection, and states that, "[n]o person's property shall be *taken, damaged, or destroyed* for or *applied* to public use without adequate compensation." Tex. Const. art. I, § 17(a) (emphasis added).

67. Intellectual property is personal property, and the United States Supreme Court has extended the guarantees of the Fifth Amendment to trade secrets. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002-1003 (1984).

68. As set forth above, Defendants obtained Surtek's trade secret material and continue to misappropriate Surtek's trade secrets by improperly using Surtek's data and by refusing to return and cease using Surtek's trade secrets. Defendants' actions constitute an ongoing violation of federal law protecting trade secrets.

69. Both Texas and Federal law recognize that trade secrets, by definition, derive their independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means, by another person who can obtain value from the disclosure or use of that information. *See* Tex. Civ. Prac. & Rem. Code § 134A.002(6)(B); 18 U.S.C.A. § 1839(3)(B). Defendants' use of Surtek's trade secrets has effectively chopped through each strand of Surtek's "bundle of property rights." Defendants have prevented Surtek from making use of the property and obtaining a profit from it. Defendants have prevented Surtek from excluding others from the property. Defendants have interfered with Surtek's ability to dispose of the property by transfer or sale.

70. As set forth above, Dr. Delshad, Dr. Balhoff, and UT Austin have built ML/AI models using Surtek's trade secrets. On information and belief, once the trade secrets were uploaded to the ML/AI models, UT Austin gave access to those models to paying licensees for use in commercial enhanced oil recovery projects. It is Plaintiff's understanding that the models and the underlying data (obtained from Surtek) are also accessible by other academics at UT Austin, including, but not limited to, alumni and other third parties.

71. By acquiring Surtek's trade secrets and using them to build and train UT Austin's ML/AI, Defendants have taken Surtek's property and applied Surtek's property to public use without just compensation. Defendants are using Surtek's trade secrets for both academic and commercial use for the benefit of UT Austin. UT Austin is enjoying reputational, financial, and educational benefits from using Surtek's trade secret

materials much to Surtek's detriment. UT Austin is a competitor of Surtek, and Defendants are sharing Surtek's trade secrets with other competitors of Surtek. Defendants' misappropriation of Surtek's data and integration into UT's AI models has greatly damaged the competitive advantage and intrinsic value of Surtek's proprietary data.

72. Surtek requests the Court to order injunctive relief to halt Defendants continued misappropriation of Surtek's trade secrets.

## V.   JURY DEMAND

73. Surtek requests a trial by jury for this proceeding.

## VI.   PRAYER

WHEREFORE, Plaintiff, Surtek, Inc., respectfully requests that this Court enter judgment in its favor and against Defendants Dr. Mojdeh Delshad, Dr. Matthew Balhoff, The University of Texas at Austin, and the Board of Regents of the University of Texas System, and award Plaintiff damages in an amount to be proven at trial, including actual damages, award Plaintiff exemplary damages, issue a temporary and permanent injunction that prohibits Defendants from continuing to use Plaintiff's trade secrets, award Plaintiff its reasonable attorneys' fees, award Plaintiff pre- and post-judgment interest, and award Plaintiff such other and further relief as this Court deems just under the circumstances.

Respectfully submitted this 27th day of February 2025.

        Respectfully submitted,

        */s/ Benjamin D. Evans*
        Benjamin D. Evans
        State Bar No. 24081285
        bevans@cstrial.com
        Ashley N. Morgan
        State Bar No. 24091339
        amorgan@cstrial.com
        **CAIN & SKARNULIS PLLC**
        303 Colorado Street, Suite 2850
        Austin, Texas 78701
        512-477-5000
        512-477-5011—Facsimile

        **ATTORNEYS FOR SURTEK, INC.**