IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SURTEK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 1:25-cv-00296-ADA-SH |
| | § | |
| MOJDEH DELSHAD; | § | |
| MATTHEW BALHOFF; | § | |
| THE UNIVERSITY OF TEXAS | § | |
| AT AUSTIN; AND | § | |
| CHRISTINA MELTON | § | |
| CRAIN, JODIE LEE JILES, | § | |
| KELCY L. WARREN, | § | |
| KEVIN P. ELTIFE, NOLAN PEREZ, | § | |
| STUART W. STEDMAN, | § | |
| JANIECE LONGORIA, | § | |
| JAMES C. "RAD" WEAVER, AND | § | |
| ROBERT P. GAUNTT, IN THEIR | § | |
| OFFICIAL CAPACITY AS MEMBERS | § | |
| OF THE BOARD OF REGENTS OF | § | |
| THE UNIVERSITY OF TEXAS | § | |
| SYSTEM, | § | |
| | § | |
| Defendants. | § | |

## JOINT REPORT OF RULE 26(f) CONFERENCE

TO THE HONORABLE JUDGE:

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Surtek, Inc. ("Plaintiff") and Defendants Mojdeh Delshad, Matthew Balhoff, the University of Texas at Austin, Christina Melton Crain, Jodie Lee Jiles, Kelcy L. Warren, Kevin P. Eltife, Nolan Perez, Stuart W. Stedman, Janiece Longoria, James C. "Rad" Weaver, and Robert P. Guantt, in their official capacities as members of the Board of Regents of the University of Texas System ("Defendants") (collectively, the "Parties") submit this Joint Report of Rule 26(f) Conference in the above-styled and numbered cause and would

1

respectfully show the Court the following:

1. The Parties' Rule 26(f) conference was completed on June 19, 2025. Benjamin Evans appeared for Plaintiff and William Farrell appeared for Defendants. All parties to the lawsuit were represented by counsel. The parties conferred on each item set forth by Rule 26(f) and report as follows.

2. Plaintiff asserts that it is a boutique enhanced oil recovery ("**EOR**") engineering and lab service provider located in Parker, Colorado. Plaintiff asserts that it provides its clients with a range of services, including reservoir screening, chemical EOR formulation design (fluid-fluid studies such as preparation rheology and fluid rock studies), oil recovery, coreflooding, retention measurements, minimum miscible pressure determination, numerical simulation, and consulting. Plaintiff alleges that Defendant UT Austin is a competitor of Plaintiff. Plaintiff alleges that Defendants conspired with Plaintiff's former employees, Dr. Malcom Pitts and Kon Wyatt, III, to obtain numerous trade secrets that it took Plaintiff decades to create and perfect. Plaintiff alleges that Defendants knew their receipt of Plaintiff's trade secrets was wrongful but proceeded to utilize such confidential information anyways. Plaintiff alleges that Defendants used Plaintiff's trade secrets to: (1) launch a new competitor in the EOR space—Kuwait University Lab Services; and (2) aid UT Austin's internal research and models (including UTCHEM) that is uses for academic and commercial purposes. Plaintiff alleges that Defendants' actions have caused Plaintiff to lose clients and contracts. Plaintiff alleges that, while it has attempted to claw back its trade secrets from UT Austin and to discovery to what extent their trade secrets have been disseminated, Defendants have stifled these efforts. Plaintiff has asserted a cause of action under the federal Defense of Trade Secrets Act and has sought prospective injunctive relief against Defendants.

3. Defendants deny Plaintiff's allegations in their entirety and have asserted arguments for why Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b). Specifically, Defendants argue that Plaintiff lacks standing to assert its claim under the DTSA. Defendants argue that Plaintiff's claim is barred by sovereign immunity for all Defendants. Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted.

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

4. The Parties agree that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The Parties have agreed to submit their initial disclosures within fourteen (14) days of the Rule 26(f) conference (*i.e.,* July 3, 2025).

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

5. The Parties agree that there are no particular subjects on which discovery may be needed or focused other than the facts giving rise to Plaintiff's claims, Plaintiff's alleged damages, and Defendants' defenses. The Parties have agreed to submit an Agreed Scheduling Order for the Court's consideration. The Parties do not see any need to conduct discovery in phases, or to limit discovery at this time. The Parties have discussed how the timing and nature of the result of Defendants' pending Rule 12(b) motion to dismiss may affect the deadlines stated within the Parties' initial Agreed Scheduling Order. Accordingly, the Parties have agreed to work with each other towards any amendments that may become necessary.

    **C.**    **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

    6.    The Parties conferred and do not anticipate issues regarding disclosure, discovery, or preservation of electronically stored information ("ESI") at this time.

    **D.**    **Any issues about claims of privilege or of protection as trial-preparation materials, including— if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

    7.    The Parties agree to treat issues regarding privilege and the inadvertent production of privileged or work product material consistent with the Federal Rules of Evidence and Civil Procedure.

    **E.**    **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

    8.    The Parties do not propose any limitations on discovery at this time and agreed to conduct discovery pursuant to the Federal Rules of Civil Procedure.

    **F.**    **Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

    9.    None at this time.

Respectfully submitted,

    */s/ Benjamin D. Evans*
Benjamin D. Evans
State Bar No. 24081285
bevans@cstrial.com
Ashley N. Morgan
State Bar No. 24091339
amorgan@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile

**ATTORNEYS FOR SURTEK, INC.**

*-and-*

/s/ *William H. Farrell*\*
William H. Farrell
Biff.farrell@oag.texas.gov
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
*\*Electronically signed with Permission.*

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that on June 24, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically as authorized by Federal Rules of Civil Procedure.

William H. Farrell
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Biff.farrell@oag.texas.gov
***Counsel for Defendants***

     */s/ Benjamin D. Evans*
Benjamin D. Evans

5